IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HATTIE JONES**                                                                                              **PLAINTIFF**

**v.**                                                              CIVIL ACTION NO.: 5:22-cv-73-DCB-FKB

**MCCOMB SCHOOL DISTRICT**                                                         **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Hattie Jones, by and through counsel, Watson & Norris, PLLC, brings this action against Defendant, McComb School District, to recover damages for violations of her rights under the Family Medical Leave Act of 1993, as amended (FMLA), and the Americans with Disabilities Act if 1990, as amended (ADA). As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation and disability discrimination in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

## THE PARTIES

1. Plaintiff, Hattie Jones, is a former adult female resident of Pike County, Mississippi currently residing in Forest Hill, Texas. During her employment with Defendant, Plaintiff was an eligible employee as defined by the FMLA.

2. Defendant, McComb School District, may be served with process by serving Cederick L. Ellis, Sr., Ph. D., Superintendent, at 695 Minnesota Avenue, McComb, Mississippi 39648.

## JURISDICTION AND VENUE

3. This action arises under the Family and Medical Leave Act of 1993, as

amended (FMLA), and the Americans with Disabilities Act of 1990, as amended (ADA).

4. This Court has federal question jurisdiction for actions that arise under the FMLA and the ADA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

6. Plaintiff timely filed a Charge of Discrimination with the EEOC on July 29, 2021, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on May 19, 2022, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff is a 70-year-old female former resident of Pike County, Mississippi.

8. Plaintiff was hired on July 19, 2019, as a Teacher with the McComb School District (MSD).

9. Plaintiff has thirty years of classroom teaching experience.

10. During the fall semester of 2021, for the first nine weeks of the semester all teachers of MSD were teaching their classes online via video presentation (i.e., Zoom).

11. During the second nine weeks, teaching was conducted via a combination of in person and online instruction.

12. Teachers continued to teach the students via Zoom five days per week.

13. Teachers were required to report in person to the school every day, and only those who had come in contact with someone with COVID-19 could quarantine at home for 14 days while still teaching their students via Zoom.

14. Plaintiff left Mississippi and went to visit her family during Spring Break (March 8-12, 2021).

15. While Plaintiff was in Texas, she was exposed to Covid-19 via her daughter.

16. After spring break, Plaintiff returned to Mississippi.

17. On March 15, 2021, due to having been exposed to Covid-19, Plaintiff conducted her classes from her apartment via Zoom.

18. Plaintiff sent an email to her employer explaining that due to her medical condition she was conducting her classes via Zoom.

19. On March 16, 2021, Principal Rose Clark sent Plaintiff an email stating that she (Ms. Jones) must turn her classes over to a substitute teacher and to the Assistant Principal.

20. Ms. Clark further stated that Plaintiff would be docked for her March 15 "absence," and that the school attorney would be further looking into the matter.

21. Ms. Clark stated that only COVID-related absences were approved for teachers to teach remotely, and that otherwise teachers must take sick leave.

22. On March 17, 2021, Personnel Officer Sheree Samuels emailed Plaintiff a copy of the FMLA form.

23. When Plaintiff opened the email, the FMLA form was illegible (i.e., very faint in spots), so she contacted Mrs. Samuels to alert her to the problem.

24. Ms. Samuels responded that she would have Title IX Coordinator James Brown send Ms. Jones another FMLA form.

25. Mr. Brown then downloaded the FMLA form from the Department of Labor (DOL) website and emailed it to Plaintiff.

26. However, Plaintiff was unable to open the file.

27. Plaintiff responded to Mr. Brown by email that she was unable to open the file, and she took a screenshot of the message proving that the file would not open.

28. By email, Plaintiff requested that Mr. Brown mail her a copy of the form.

29. Mr. Brown, however, neither mailed her a copy of the form nor did he explain to Plaintiff how to download the form from the DOL website herself.

30. Plaintiff then returned to Texas to attend a medical appointment with Nurse Practitioner Angela Renee Jaeger-Chapman on April 2, 2021.

31. Immediately following that appointment, Ms. Jaeger-Chapman placed Plaintiff under doctor's care and referred her for a neurological consultation and physical therapy.

32. Around April 12, 2021, Mr. Brown emailed Plaintiff to inform her that she must return to Mississippi to teach her classes in person, or she would be considered to have abandoned her job.

33. Plaintiff responded to Mr. Brown once again requesting that he mail her the FMLA documentation (i.e., a legible copy of which she still had not received), so that she could get her medical provider to complete it.

34. On April 20, 2021, Plaintiff emailed Mr. Brown, yet again requesting that he send a copy of the FMLA documentation.

35. Mr. Brown stated that the FMLA documentation had already been sent to Plaintiff twice.

36. As noted above, the first copy Plaintiff received (from Ms. Samuels) was illegible, and the second copy received (from Mr. Jones) the file would not open.

37. Despite these explanations, Mr. Brown refused to send the FMLA documentation to Plaintiff again.

38. On April 27, 2021, Plaintiff was informed that she was terminated because she abandoned her job and did not complete the FMLA documentation that was sent to her.

39. On April 20, 2021, via priority mail, Plaintiff received a letter of termination from MSD Superintendent, Dr. Cederick L. Ellis, Sr.

40. Plaintiff appealed Defendant's decision to terminate her, and a hearing was scheduled for May 19, 2021.

41. On May 19, 2021, Plaintiff attended a hearing of the MSD.

42. Witnesses included Mr. Brown, Dr. Ellis, the hearing officer attorney Nathaniel Armistad, the transcriber, and the MSD attorney, KaShonda L. Day.

43. In the hearing, at the beginning of the proceedings, Ms. Day gave Plaintiff a large notebook full of documents labeled exhibits.

44. Plaintiff had been provided nor had she seen these documents prior to the hearing and asked for a continuance to be able to secure legal representation, but it was denied by Mr. Amistad.

45. During the hearing on May 19, 2021, the Superintendent said that Mr. Brown had already sent the FMLA form to Plaintiff twice for her to complete.

46. As stated above, Plaintiff responded that she never received a legible and/or workable copy of the form.

47. When Plaintiff stated that she quarantined due to the Governor's directive for residents to quarantine after traveling out of state, Mr. Brown responded that he was unaware of this directive.

48. At the end of the hearing, Mr. Armistad said the School Board would make a decision in about 30 days.

49. Mr. Armistad limited Plaintiff's time allotment to speak to the School Board to five minutes.

50. Ms. Day disallowed Plaintiff's request to include her medical appointments and letters from her medical provider as exhibits to the hearing transcript, nor the screen shot showing that she could not open the FMLA file, nor the letter from her daughter's employer in Texas showing that she worked at a hospital.

51. On July 6, 2021, Plaintiff received notice by mail from Ms. Day, instructing her to attend another hearing before on July 13, 2021, at 5:30 p.m. and that after the Board meeting, the MSD School Board would rule on her termination.

52. On July 29, 2021, Plaintiff filed an EEOC Charge of Discrimination due to disability discrimination against MSD.

## **CAUSES OF ACTION**

### **COUNT I: VIOLATION OF THE FMLA - INTERFERENCE**

54. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 53.

55. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

56. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

57. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant.

58. Plaintiff also seeks all other relief, at law or in equity, to which she may show

herself justly entitled.

## COUNT II:  VIOLATION OF THE FMLA - RETALIATION

59. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 58.

60. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

61. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

62. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff.  As a result of this conduct, liquidated damages should be assessed against Defendant.

63. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT III:  DISABILITY DISCRIMINATION – VIOLATION OF ADA

64. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 63 above as if fully incorporated herein.

65. Defendant has discriminated against Plaintiff because of her disability based on the facts identified above which is a violation of the Americans with Disabilities Act, as amended.

66. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

67. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Compensatory damages;
5. Punitive damages;
6. Liquidated damages;
7. A tax gross-up and all make whole relief;
8. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA and ADA; and
9. Such further relief as is deemed just and proper.

THIS the 17th day of August 2022.

            Respectfully submitted,

            HATTIE JONES, PLAINTIFF

          By: /s Louis H. Watson, Jr.
            LOUIS H. WATSON, JR.  (MB# 9053)
            NICK NORRIS (MB# 101574)
            Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com